UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN L. BROOKS, | Case No.  C10-5126BHS |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| ROBERTA KANIVE, *et al*., | NOTED:  June 25, 2010 |
| Defendants. | |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

This matter comes before the court upon plaintiff's request/motion to voluntarily dismiss his complaint (DOC. 14).  After reviewing plaintiff's motion, and noting defendants' lack of objection, the Court should GRANT the motion and dismiss this matter without prejudice.

//

//

//

REPORT AND RECOMMENDATION- 1

**DISCUSSION**

Under Rule 41 of the Federal Rules of Civil Procedure, a plaintiff has the right to voluntarily dismiss his case when no answer or motion for summary judgment has been filed by an adverse party. Fed R. Civ. P. 41, 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment. Roddy v. Dendy, 141 F.R.D. 261, 262 (S.D. Mississippi, 1992). Unlike a Rule 41(a)(1) dismissal, a Rule 41(a)(2) dismissal requires court approval and is only effective "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2); Stevedoring Servs. of Am. v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir.1989). When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some legal prejudice as a result of the dismissal. Hyde & Drath v. Baker, 24 F.3d 1162, 1169 (9th Cir.1994); Hamilton v. Firestone Tire & Rubber Co., 679 F.2d 143, 145 (9th Cir.1982).

Here, the complaint has been served and defendants have appeared and answered plaintiff's complaint. If the court does grant plaintiff's request for dismissal, it must determine whether defendants will suffer any prejudice as a result of the dismissal.

First, the court notes that defendants do not object to the motion to withdraw the complaint. Second, the court notes that the case is relatively new. The complaint was served and filed in state court in December 2009. The matter was thereafter removed to federal court by defendants. In his request to withdraw the matter, plaintiff claims that he does not wish to proceed with the matter in federal court and believes he is able to pursue his remedies in state court. Defendants seem to believe that he may be barred from doing so. See Dkt#15 at 2. This court does not express an opinion either way.

REPORT AND RECOMMENDATION- 2

Having reviewed the matter, the court does not find any prejudice or unfairness imposed on defendants by dismissing this matter without terms or conditions.

## **CONCLUSION**

Accordingly, plaintiff's request to voluntarily dismiss his complaint (Doc. 14) should be **GRANTED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 25, 2010, as noted in the caption.

Dated this 24th day of May, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3